IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO.: 16-CV-24567

| | |
|---|---|
| DENISE PAYNE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| PAYLESS SHOE SOURCE, INC. | ) |
| a/k/a PAYLESS SHOE SOURCE #4014, | ) |
| PAYLESS SHOE SOURCE #3881 and | ) |
| PAYLESS SHOE SOURCE #2781, | ) |
| | ) |
| Defendants. | ) |
| | ) |

# COMPLAINT

Plaintiff DENISE PAYNE ("**Plaintiff Payne**"), pursuant to the Americans with Disabilities Act 42 U.S.C. §§ 12101–12103, 12181–12205a ("**ADA**") and the American with Disabilities Act Accessibility Guidelines 28 C.F.R. § 36 ("**ADAAG**"), hereby sues Defendant PAYLESS SHOE SOURCE, INC. ("**Defendant Payless**") a/k/a PAYLESS SHOE SOURCE #4014 ("**Defendant Store#4014**"), PAYLESS SHOE SOURCE #3881 ("**Defendant Store #3881**"), and PAYLESS SHOE SOURCE#2781 ("**Defendant Store#2781**"), for injunctive relief and states:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims under the ADA.

2. Venue in this district is proper under 28 U.S.C. § 1391 because the real property that is the subject of this action is located in, and the acts or omissions giving rise to this action occurred in, the Southern District of Florida.

## PARTIES

3. Plaintiff is an individual over 18 years of age, *sui juris*, who is a resident of the State of Florida.

4. Plaintiff is a qualified individual under the ADA because she is a disabled individual who has physical impairments that substantially limits one or more major life activities.

5. Specifically, Plaintiff has a physical impairment that requires her to use a wheelchair to ambulate.

6. Defendant Payless is a Foreign Profit Corporation authorized to, and doing business in the State of Florida.

7. Defendant Payless is the owner, lessor, or operator of real property (and the improvements made thereon) and related facilities of the Payless Shoe Source Stores located at 5101 Sheridan Street, #21A, Hollywood, Florida 33021 (**"Store#4014"**), 19946 N.W. 2nd Avenue, Miami, Florida 33169 (**"Store #3881"**) and 1652 N.E. Miami Gardens Drive, North Miami Beach, Florida 33179 (**"Store#2781"**) (the "**Subject Premises**", "**Facility**", or "**Stores**").

## GENERAL ALLEGATIONS

8. The Subject Premises is a place of public accommodation under the ADA and ADAAG because all locations are stores.

9. As a place of public accommodation, Defendants were required to remove from the Subject Premises and related facilities architectural barriers to the extent readily achievable as defined in 28 C.F.R. § 36.304 of the ADAAG.

10. Additionally, upon information and belief, the Subject Premises is one that was altered after January 26, 1992, as defined in 28 C.F.R. § 36.402 of the ADAAG.

11. Accordingly, Defendants were required to ensure that, to the maximum extent feasible, the altered portions of the Subject Premises were readily accessible to and useable by individuals with disabilities such as Plaintiff.

12. Plaintiff has knowledge that the Subject Premises is in violation of the ADA and discriminating against individuals with disabilities.

13. In or about August 2015, Plaintiff visited the Subject Premises to conduct business—i.e. purchase items—and encountered architectural barriers to access the Subject Premises.

14. Plaintiff sought, and seeks, to partake in the accommodations, privileges, and advantages of the services offered by Defendants; however, she was subjected to discrimination by Defendants on the basis of her disability due to Defendants' ADA violations.

15. Plaintiff was not able to access, among other things, the parking lot, entrance access and path to travel or public restrooms at the Stores without encountering architectural barriers.

16. Plaintiff shall return to the Subject Premises once the barriers violating the ADA are removed; however, Plaintiff is currently deterred from returning as a result of the barriers to access present at the Stores.

17. Plaintiff will be denied full access to the Subject Premises, as provided by the ADA, unless the injunctive relief requested herein is granted.

18. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by Defendants if said violations are not corrected and made compliant.

19. Plaintiff is also a tester for the purpose of asserting her civil rights by monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA.

20. Plaintiff desires to visit the Subject Premises again, not only for purchasing items, but to assure herself that the Subject Premises is in compliance with the ADA and thus ensuring that individuals with disabilities, including herself, will have full and equal enjoyment of the property without fear of discrimination.

21. Plaintiff has a real, continuing, and immediate threat of future discrimination by Defendants' violation of and non-compliance with the ADA because she plans on returning to the Subject Premises in the near future.

22. Defendants have discriminated and continue to discriminate against Plaintiff by denying her access to the Subject Premises and the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the Subject Premises in violation of the ADA by failing to remove architectural barriers so that the Subject Premises may be accessible to and usable by individuals with disabilities such as Plaintiff.

23. Defendants are in violation of the ADA and ADAAG and is discriminating against Plaintiff as a result of the following violations:

### Defendant Store#4014

### Entrance Access and Path of Travel

a. The Plaintiff could not traverse through areas of the facility, as the required 36" path is not provided. Violation: There is not a continuous path of travel connecting all essential elements of the facility, in violation of Sections 4.2.1 and 4.3.3 of the ADAAG, whose resolution is readily achievable.

### Access to Goods and Services

b.  The Facility fails to make reasonable accommodations in policies, practices and procedures to provide full and equal enjoyment of disabled individuals and does not maintain the elements that are required to be readily accessible and usable by persons with disabilities in violation of Section 36.211 of the ADAAG.

### Public Restrooms

c.  The Plaintiff could not transfer to the toilet without assistance, as janitorial equipment obstructed the clear floor space. Violation: The required clear floor space is not provided next to the toilet in violation of Section 4.16.2 and Figure 28 of the ADAAG, whose resolution is readily achievable.

d.  The Plaintiff could not transfer to the toilet, as the grab bars were missing or not mounted at the required locations. Violation: Compliant grab bars are not provided in violation of Sections 4.16.4 and Figure 29 of the ADAAG, whose resolution is readily achievable.

e.  The Plaintiff could not use the lavatory without assistance. Violation: There are lavatories in public restrooms without the required clear floor space provided due to items underneath them, in violation of the requirements in Section 4.19.3 of the ADAAG, whose resolution is readily achievable.

f.  The Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes were not wrapped. Violation: The lavatory pipes were not fully wrapped or maintained violating Section 4.19.4 of the ADAAG, whose resolution is readily achievable.

g.  The Plaintiff could not use the soap or paper towel dispensers without assistance as they were mounted too high. Violation: There are dispensers provided for public use in the restroom, with controls outside the ranges prescribed in Sections 4.2.5, 4.2.6, and 4.27.3 of the ADAAG, whose resolution is readily achievable.

FEDERAL DISABILITY ADVOCATES
ATTORNEYS AT LAW

### Defendant Store#3881

### Entrance Access and Path of Travel

h.  The Plaintiff could not traverse through areas of the facility, as the required 36" path is not provided. Violation: There is not a continuous path of travel connecting all essential elements of the facility, in violation of Sections 4.2.1 and 4.3.3 of the ADAAG, whose resolution is readily achievable.

### Access to Goods and Services

i.  The Facility fails to make reasonable accommodations in policies, practices and procedures to provide full and equal enjoyment of disabled individuals and does not maintain the elements that are required to be readily accessible and usable by persons with disabilities in violation of Section 36.211 of the ADAAG.

### Public Restrooms

j.  The Plaintiff could not use the lavatory without assistance. Violation: There are lavatories in public restrooms without the required clear floor space provided due to items underneath them, in violation of the requirements in Section 4.19.3 of the ADAAG, whose resolution is readily achievable.

k.  The Plaintiff could not flush the toilet without assistance, as the flush valve was not mounted on the wide area. Violation: The flush valve is not mounted on the compliant side in violation of Section 4.16.5 of the ADAAG, whose resolution is readily achievable.

l.  The Plaintiff could not use the toilet paper dispenser without assistance, as it was not mounted at the required location. Violation: The toilet paper dispenser is not mounted in accordance with Figure 28 of the ADAAG, whose resolution is readily achievable.

m.  The Plaintiff could not use the toilet paper or the paper towels due to them not being located within a dispenser. Violation: Elements in the restroom are not readily accessible and usable by persons with disabilities in violation of Section 36.211 of the ADAAG.

n.  The Plaintiff could not use the soap bottle without assistance, as it required a tight grasp to operate. Violation: The soap dispensers require a tight grasp and twist to operate in violation of Section 4.27.4 of the ADAAG, whose resolution is readily achievable.

o. The Plaintiff could not use the mirror as it was mounted too high. Violation: The mirrors provided for public use in the restroom are in violation of the requirements in Section 4.19.6 of the ADAAG, whose resolution is readily achievable.

### Defendant Store#2781

### Access to Goods and Services

p. The Facility fails to make reasonable accommodations in policies, practices and procedures to provide full and equal enjoyment of disabled individuals and does not maintain the elements that are required to be readily accessible and usable by persons with disabilities in violation of Section 36.211 of the ADAAG.

### Public Restrooms

q. The Plaintiff could not use the toilet paper due to it not being located within a dispenser. Violation: Elements in the restroom are not readily accessible and usable by persons with disabilities in violation of Section 36.211 of the ADAAG.

r. The Plaintiff could not use the soap bottle without assistance, as it required a tight grasp to operate. Violation: The soap dispensers require a tight grasp and twist to operate in violation of Section 4.27.4 of the ADAAG, whose resolution is readily achievable.

s. The Plaintiff could not use the lavatory without assistance. Violation: There are lavatories in public restrooms without the required clear floor space provided due to items underneath them, in violation of the requirements in Section 4.19.3 of the ADAAG, whose resolution is readily achievable.

t. There are permanently designated interior spaces without proper signage in violation of Section 4.1.3(16) and 4.30 of the ADAAG, whose resolution is readily achievable.

24. The discriminatory violations described herein may not be an exclusive list of Defendants' ADA violations because Plaintiff was unable to access and assess all areas of the Subject Premises due to the architectural barriers encountered. A *complete* list of the Subject Premises' ADA violations, and the remedial measures necessary to remove same, will require an on-site inspection by Plaintiff's representatives pursuant to Federal Rule of Civil Procedure 34.

25. By encountering the discriminatory conditions at the Stores, and knowing that it would be a futile gesture to return to the Stores unless Plaintiff is willing to endure additional discrimination, Plaintiff is deprived of the meaningful choice of freely visiting the Subject Premises and deterred and discouraged from traveling to same when in contrast the Subject Premises is readily available to able bodied patrons and the general public.

26. By maintaining a place of public accommodation with ADA violations, Defendants deprive Plaintiff of the equal opportunity offered to the general public to freely travel and conduct business at the Subject Premises without fear of being subjected to discrimination.

27. Plaintiff retained undersigned counsel for the filing and prosecution of this action and has agreed to pay counsel reasonable attorneys' fees and costs incurred in this action for which Plaintiff is entitled to recover pursuant to 42 U.S.C. § 12205.

28. Plaintiff demands a non-jury trial on all issues to be tried herein.

### CLAIM FOR INJUNCTIVE RELIEF
**(Against Defendants for ADA Violations)**

29. Plaintiff re-avers and incorporates paragraphs 1–28 as if fully set forth herein.

30. This action arises pursuant to the ADA.

31. Plaintiff has been denied access to, and has been denied the benefits of, services, programs, or activities of the Subject Premises and its facilities, and has otherwise been discriminated against and damaged by Defendants because of the Subject Premises' existing ADA violations.

32. Plaintiff will continue to suffer such discrimination, injury, and damage and will be deterred from returning to the Subject Premises without the relief demanded herein pursuant to the ADA.

33. Plaintiff has suffered, and continues to suffer, frustration and humiliation as a result of the discriminatory conditions present at the Subject Premises.

34. By continuing to operate the Subject Premises with discriminatory conditions in violation of the ADA and ADAAG, Defendants contribute to Plaintiff's sense of isolation and segregation and deprives Plaintiff of the full and equal enjoyment of the goods, services, facilities, privileges, and accommodations available to the able bodied individuals of the general public.

35. Pursuant to 42 U.S.C. § 12188, this Court is provided broad authority to grant Plaintiff's demand for injunctive relief, which includes an order to alter the Subject Premises, make the Subject Premises readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and close the Subject Premises until the requisite modifications are complete.

WHEREFORE, Plaintiff DENISE PAYNE respectfully requests that this Court issue a permanent injunction enjoining Defendant PAYLESS SHOE SOURCE, INC. a/k/a PAYLESS SHOE SOURCE #4014, PAYLESS SHOE SOURCE #3881, and PAYLESS SHOE SOURCE#2781 from continuing its discriminatory practices, ordering Defendants to alter the Subject Premises as appropriate to comply with the ADA and ADAAG, ordering Defendants to maintain accessible features at the premises, awarding reasonable attorneys' fees and costs incurred in this action, and closing the Subject Premises until the requisite modifications are completed, and for such further relief this court deems just and proper.

Dated this 1st day of November, 2016.

          Respectfully submitted,

By:    s/ Rafael Viego III
      Rafael Viego III, Esq.
      Florida Bar. No. 60967
      Mario E. Lopez, Esq.
      Florida Bar No. 98061
      **FEDERAL DISABILITY ADVOCATES**
      *Attorneys for Plaintiff*
      4300 Biscayne Boulevard, Suite 305
      Miami, Florida 33137
      Telephone:  (305) 717-7530
      Facsimile:  (305) 717-7539
      E-mail:  mlopez@jltrial.com
      E-mail:  rviego@jltrial.com
      E-mail:  eservice@jltrial.com

MEL/RV/lp
0012.008